IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTE JOSIAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-350 |
| ) | Judge Stephanie L. Haines |
| LEONARD ODDO, in his official capacity ) | Magistrate Judge Patricia L. Dodge |
| Warden of Moshannon Valley Processing ) | |
| Center, *et al.*, ) | |
| ) | |
| Respondents. | |

## MEMORANDUM ORDER

Presently before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Donte Josiah ("Petitioner") (ECF No. 1). Petitioner is a lawful permanent resident in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), under 8 U.S.C. § 1226(a), under which his removal proceedings are pending. Petitioner files the Petition challenging the adequacy of his bond hearing stating that during the proceedings the immigration judge ("IJ") wrongly placed the burden of proof on Petitioner to show that he was not a danger to the community. The IJ found that Petitioner did not sustain his burden and denied him bond. Petitioner states that placing the burden of proof with Petitioner violated his procedural due process rights under the Fifth Amendment of the Constitution. He argues, instead, the burden to prove the Petitioner is a danger to the community is rightly placed with the government. He seeks release from detention or in the alternative a proper bond hearing in which the government must bear the burden of establishing by clear and convincing evidence that continued detention is justified. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

1

On December 16, 2025, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 9) recommending that the Petition (ECF No. 1) be denied finding that Petitioner could not show substantial prejudice by the alleged procedural error given the serious of Petitioner's criminal history. ECF No. 9, p. 4. Petitioner was advised he could file objections to the Report and Recommendation within 14 days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed timely Objections (ECF No. 10) on December 30, 2025.

Upon *de novo* review of the record and the Report and Recommendation (ECF No. 9) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge correctly found that Petitioner's criminal history, taken as a whole, would *de facto* cause Petitioner to be considered a danger to the community and thus no prejudice can be established as to the outcome of the bond proceedings. *See Jacome v. Atty. Gen. U.S.*, 39 F.4th 111, 125 (3d Cir. 2022) ("To prevail on his due process claim, Barradas-Jacome has to 'show (1) that he was prevented from reasonably presenting his case, and (2) that substantial prejudice resulted.'")

Petitioner points out in his Objections (ECF No. 10) that Petitioner's past convictions do not support a finding that Petitioner is a danger to the community (2019/2020 disorderly conduct and 2022 possession of an instrument of crime). ECF No. 10, p. 3. Petitioner further asserts that his most recent charges in 2024 (aggravated assault, terroristic threats, false imprisonment, and sexual assault of a minor), for which he hasn't yet been indicted amount to nothing more than hearsay. ECF No. 10, pp. 4-7. This Court finds Petitioner's assertions unavailing and while it sympathizes with the Petitioner's difficult childhood and applauds his efforts to change his ways, he has developed a pattern of lawlessness that would make one consider him to be a danger to the

community. Therefore, the Court finds that Petitioner cannot establish that he was prejudiced or that a shift in the burden of proof would have changed the outcome of his bond hearing.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 22nd day of January, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 9) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge